# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DEL'CARLOS JACOBS, #341-334      :

    Plaintiff,                      :

        v                      :         Civil Action No. GLR-13-879

BOBBY SHEARIN, *Warden*, et al.,     :

    Defendants,                    :

## MEMORANDUM OPINION

Pending before the Court are Defendants', William Beeman, Colin Ottey, M.D., Greg Flury, P.A., and Janice Gilmore, Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 42) and Motion to Dismiss, or Alternatively, Motion for Summary Judgment (ECF No. 49),[1] and Plaintiff's, Del'Carlos Jacobs, Motion for Summary Judgment in Response to Defendant's Motion to Dismiss. (ECF No. 59). Having reviewed the supporting documents, this Court finds no hearing is necessary pursuant to Local Rule 105.6 (D.Md. 2011). For the reasons outlined in specific detail below,

---

[1] Defendants were employed by Corizon, Inc., formerly known as Correctional Medical Services, Inc., which is a contractor that provides medical treatment to inmates housed at correctional institutions. Corizon was the provider contracted by the Maryland State Department of Public Safety and Corrections until June 30, 2012, at which time another contractor assumed responsibility for providing medical care. As such, the scope of the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 49) is to address conduct arising before July 1, 2012, while the scope of the Motion to Dismiss, or Alternatively, Motion for Summary Judgment (ECF No. 42) is to address conduct arising after July 1, 2012. Further, on September 24, 2013, the claims against Defendant Bobby Shearin were voluntarily dismissed. (See ECF No. 46).

Defendants' Motions to Dismiss, or Alternatively, Motions for Summary Judgment will be granted and Jacobs's Motion for Summary Judgment in Response to Defendant's Motion to Dismiss will be construed as a response in opposition to the Defendants' Motions.

## I. BACKGROUND

Jacobs is an inmate in the custody of the Maryland Department of Public Safety and currently incarcerated at North Branch Correctional Institute in Cumberland, Maryland. On March 22, 2013, Jacobs brought this pro se civil rights action under 42 U.S.C. § 1983 against various prison medical officials alleging inadequate treatment of an ankle injury, sustained while playing basketball in the prison yard, in violation of the Eighth Amendment. (See Compl., ECF No. 1).

It is undisputed that Jacobs is a twenty-nine-year-old male, with a medical history significant for an avulsion fracture[2] of the right ankle, chronic right ankle instability, chronic right ankle deltoid ligament avulsion tear, chondromalacia[3] with synovitis[4] of the right ankle, and early arthritis of the right ankle secondary to injuries from the related trauma to this extremity.

---

[2] An avulsion fracture occurs when force on a tendon or ligament attached to a bone causes a piece of the bone to be pulled away. (Mem. Supp. Mot. Dismiss, or Alt., Mot. Summ. J. at 5 n.1, ECF No. 42-1)

[3] Chondromalacia is the progressive erosion or softening of cartilage in the joints and can be a degenerative process. (Id. at 5 n.2).

[4] Synovitis is an inflammatory condition of the synovial membrane of a joint resulting from a traumatic injury, such as a sprain or severe strain. (Id. at 5 n.3).

2

Jacobs alleges an ankle injury, suffered in April 2011 while playing basketball at the prison, was misdiagnosed and mistreated, and as a result, he further exacerbated his injury, which later required surgery to repair. Jacobs alleges the prison medical staff improperly assessed his surgical wound as "healing" when in reality it remained open. Jacobs further alleges that despite his non-healing wound, he was refused housing in the infirmary and made to walk to the medical unit for dressing changes and pain medication. Jacobs alleges Defendants acted with deliberate indifference to his medical needs.

He seeks a declaratory decree that the acts or omissions of Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, and $3,000,000 in nominal, compensatory, and punitive damages. He also seeks preliminary and permanent injunctive relief ordering Defendants to provide him with a medical prison cell, transfer to a prison that can meet his medical needs, and compliance with all orders of his specialist physician.

Defendants filed their Motions to Dismiss, or Alternatively, Motions for Summary Judgment on September 10, and October 4, 2013. (ECF Nos. 42, 49). The Motions remain unopposed. On January 28, 2014, however, Jacobs moved for summary judgment in response to Defendants' motions to dismiss. (ECF No. 59). On February 18, 2014, Defendants filed a Response in Opposition to Jacobs's Motion

for Summary Judgment. (ECF No. 60). Jacobs did not file a Reply. Nevertheless, the Motions are ripe for disposition.

## II. DISCUSSION

**A. Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 555 U.S. at 556. In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)) (internal quotation marks omitted).

"When matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as

one for summary judgment and disposed of as provided in Rule 56." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260-61 (4th Cir. 1998) (quoting Fed.R.Civ.P. 12(b)) (internal quotation marks omitted) (alteration in the original). Accordingly, under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48.

A "material fact" is a fact that might affect the outcome of a party's case. Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the

substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001).

**B. Analysis**

**1. Jacobs's Motion for Summary Judgment**

On January 28, 2014, Jacobs moved for summary judgment in response to Defendants' motions to dismiss in which he concedes there is a dispute of material fact. (Mot. Summ. J. in Response Defs.' Mot. Dismiss at 1, ECF No. 59). Thus, the Court will construe Jacobs's Motion for Summary Judgment in Response to Defendant's Motion to Dismiss as a response in opposition to Defendants' Motions to Dismiss. To hold otherwise would be to exalt form over substance. See Monge v. Portofino Ristorante, 751 F.Supp.2d 789, 792 n.1 (D.Md. 2010) (noting that, because Federal Rule of Civil Procedure 1 instructs the Court to construe the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding," the Court should not exalt form over substance (quoting Fed.R.Civ.P. 1)).

**2. Defendants' Motion for Summary Judgment**

First, as a preliminary matter, Defendants' Motions to Dismiss, or in the Alternative, Motions for Summary Judgment will be construed as Motions for Summary Judgment because matters outside the pleading will be considered by the Court.

Next, Defendants argue the extensive and undisputed medical history related to Jacobs's ankle injury reflects constitutionally adequate treatment. The Court agrees.

Deliberate indifference to a prisoner's serious injury "constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Gamble, 429 U.S. at 104 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)) (internal quotation marks and citation omitted). Every allegation by a prisoner that he has not received adequate medical treatment does not, however, state a violation of the Eighth Amendment. Id. Because a prisoner must allege deliberate indifference, allegations that prison medical officials were merely negligent in diagnosing or treating a medical condition do not state a cognizable claim under § 1983. Id.

Here, Jacobs's Complaint alleges misdiagnosis and inadequate treatment of his ankle injury. But there is no dispute that Jacobs received extensive medical care and treatment. (See generally Defs.' Mem. Mot. Dismiss or, Summ. J. Ex. 1 ["Medical History"], ECF No. 42-4) (including 400 pages of medical records related to Jacobs's ankle injury). In fact, Jacobs goes to great lengths in his Complaint to highlight his many encounters with medical personnel, the course of treatment he underwent, his admissions to the infirmary, and the various devices he received for assistance with walking. While Jacobs may be frustrated or dissatisfied with the conservative approach taken by the prison medical staff, such

medical decisions do not rise to the level of unconstitutional punishment under the Eighth Amendment. See Gamble, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

To the extent Jacobs alleges that prison officials did not properly care for him or did not comply with the orders of his treating orthopedic specialist, the extensive medical history reflects that, in each instance Dr. Krishnaswamy examined and treated Jacobs, the prison's medical staff approved and implemented Dr. Krishnaswamy's instructions. (Compare Medical History 301-39 (documenting Krishnaswamy's consultations), with id. at 368-400 (documenting prison medical assignments)). Further, the record reflects, and Jacobs does not dispute, that every time Jacobs complained about symptoms related to his injury, he was evaluated, treated, and monitored. (Compare Medical History 265-99 (Jacobs's sick call slips), with id. at 2-263 (prison infirmary records)). Additionally, the medical records depict numerous follow-up appointments, wound care on a daily basis when required, prescription medication when necessary, numerous devices to assist his walking, and special housing assignments despite being observed as able-bodied and capable of walking, running, and jumping. (See (Medical History 2-263) (prison infirmary records); (see also id. at 368-400) (documenting prison medical assignments). Defendants' conduct does not depict deliberate indifference to Jacobs's medical

8

condition.  Accordingly, Defendants are entitled to summary judgment in their favor.

## IV. CONCLUSION

For the reasons given above, Defendants' Motions to Dismiss, or in the Alternative, Motions for Summary Judgment (ECF Nos. 42, 49), construed as motions for summary judgment, will be granted, and Jacobs' Motion for Summary Judgment in Response to Defendant's Motion to Dismiss (ECF No. 59) will be construed as a response in opposition to the Defendants' Motions.  Summary judgment will be entered in Defendants' favor.  A separate Order will follow.

April 11, 2014                                                   /s/

_____
George L. Russell, III
United States District Judge